UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**YELLOWSTONE CLUB WORLD, LLC**,<br><br>Debtor. | Case No. **09-60061-7** |
| **ROSS P. RICHARDSON**,<br><br>Plaintiff.<br><br>-vs-<br><br>**TIMOTHY L. BLIXSETH**, **YELLOWSTONE HOLDINGS MEXICO S de RL de CV**, **YELLOWSTONE CLUB CABO SAN LUCAS S de RL de CV**, **YELLOWSTONE CLUB WORLD TAMARINDO S de RL de CV**, **CODY LAND LLC**, **EMERALD CAY LTD**, **DOES 1-10**, **DOES 3-10**, and **CODY RANCH LLC**,<br><br>Defendants. | Adv No. **09-00086** |

**MEMORANDUM of DECISION**

At Butte in said District this 9th day of June, 2010.

In this Adversary Proceeding, after due notice, a hearing was held June 7, 2010, in Butte on Third-Party Defendants Timothy L. Blixseth and Blixseth Group of Washington, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction filed April 27, 2010, at docket entry no. 104, and on Dieter Huckestein's Motion for Leave to File Second Amended Third Party

1

Complaint filed May 3, 2010, at docket entry no. 105.  Daniel D. Manson of Butte, Montana appeared at the hearing on behalf of Timothy L. Blixseth and Blixseth Group of Washington, LLC (collectively "Blixseth") and David A. Shaneyfelt and Joseph G. Balice of Ventura, California and Kenneth R. Dyrud of Missoula, Montana appeared at the hearing on behalf of Dieter Huckestein ("Huckestein").  The Court heard argument from counsel, but no witness testimony or exhibits were offered.

Blixseth seeks dismissal of Huckestein's third-party claims arguing that the claims by Huckestein against Blixseth are not core proceedings and do not invoke the "related to" subject matter jurisdiction of this Court.  Procedurally, Ross P. Richardson, the Trustee in Debtor's Chapter 7 bankruptcy, filed a complaint against Blixseth and various other entity defendants on October 20, 2009.  The Trustee subsequently amended his complaint on November 24, 2009, to add claims against Huckestein and Hotel Procurement Services, LLC.  Blixseth filed an answer to the amended complaint on December 8, 2010, and an amended answer on December 16, 2009.

The first pleading filed by Huckestein and Hotel Procurement Services, LLC in this matter was on January 11, 2010, when said parties filed a Motion to Dismiss the Trustee's Complaint under Fed.R.Civ.P. 12(B)(6).  On that same date, and without answering the Trustee's amended complaint, Huckestein filed a Third Party Complaint against Blixseth.  Huckestein and Hotel Procurement Services, LLC never answered the Trustee's Amended Complaint, and instead, resolved their dispute at a mediation held February 11, 2010, wherein the Trustee and Huckestein essentially walked away from their claims against each other.  By agreement of the parties, Blixseth has not yet answered Huckestein's Third Party Complaint.

Blixseth now argues that Huckestein's claims against Blixseth are contractual in nature

and have nothing to do with the administration of the Debtor's bankruptcy estate or any claims made against the Debtor's bankruptcy estate. Blixseth maintains that under any applicable test, this Court lacks subject matter jurisdiction over Huckestein's claims against Blixseth. Accordingly, Blixseth requests that the Court dismiss Huckestein's claims against Blixseth without prejudice so the parties can proceed in a court which has proper subject matter jurisdiction.

The issue presently before the Court in this Adversary Proceeding is whether Huckestein's claims against Blixseth are core proceedings as defined in 28 U.S.C. § 157(b)(2). 28 U.S.C. § 1334(b) confers upon federal district courts original but not exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Section 157(a) of Title 28 permits federal district courts to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to bankruptcy courts. The United States District Court for the District of Montana has made such a reference by Standing Order 12.

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under [28 U.S.C. § 158]." 28 U.S.C. § 157(b)(1). Congress specifically enacted § 157 in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Marathon*, the Supreme Court held, in a plurality opinion, that a bankruptcy court did not have jurisdiction to hear a pre-petition breach of contract claim that the debtor-in-possession had brought. The *Marathon* holding was based

3

primarily on the premise that granting the bankruptcy court such jurisdiction allowed a non-article III court to adjudicate claims based on state-created private rights arising independent from and antecedent to the bankruptcy proceedings, and involving individuals that would not otherwise be party to the bankruptcy proceeding.  *See Marathon*, 458 U.S. at 84, 102 S.Ct. 2858.  Congress subsequently established 28 U.S.C. § 157 to try to remedy the defects in the bankruptcy system noted in *Marathon*.

Subsequent to *Marathon* and enactment of § 157, the Ninth Circuit in *Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Castlerock Properties ("Castlerock")*, 781 F.2d 159, 162 (9th Cir. 1986), explained that "[a]ctions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core'."  Other Ninth Circuit authority notes that core proceedings are matters concerning administration of the estate and rights created by Title 11.  *In re International Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994), *cert. denied Robertson v. Isomedix, Inc.*, 513 U.S. 1016, 115 S.Ct 577, 130 L.Ed.2d 493 (1994).  Similarly, this Court has held: "'If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding . . . .' [*In re Eastport Assoc.*, 935 F.2d 1071, 1076 (9th Cir.1987)] (*quoting* [*In re Wood*, 825 F.2d 90, 97 (5th Cir.1987)])."  *In re Reinertson*, 224 B.R. 137, 147-48 (Bankr. D. Mont 1998) (*quoting In re ACI-HDT Supply Co.*, 205 B.R. 231, 237 (9th Cir. BAP 1997)).

The Ninth Circuit discussed factors to be considered in determining whether a proceeding is core or non-core in *Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 617 (9th Cir. 1993):

> If a claim is not listed explicitly in § 157(b)(2) as a "core proceeding[ ]," we "consider[ ] factors such as whether the rights involved exist independent of title 11, depend on state law for their resolution, existed prior to the filing of a bankruptcy petition, or were significantly affected by the filing of the bankruptcy case." *Taxel v. Electronic Sports Research (In re Cinematronics, Inc.)*, 916 F.2d 1444, 1450 n. 5 (9th Cir.1990). Determinations regarding the nature and extent of the bankruptcy estate are fundamental functions of the bankruptcy court and would be "core proceedings." *John Hancock Mutual Life Ins. Co. v. Watson (In re Kincaid)*, 917 F.2d 1162, 1165 (9th Cir.1990).

While it is clear that Huckestein's third-party claims against Blixseth are not core, this Court also has jurisdiction over matters that are related to a bankruptcy case. As succinctly explained in *Pacor, Inc., v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984), "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate."

In response to Blixseth's pending motion to dismiss, Huckestein, through counsel, filed on May 3, 2010, a pleading entitled "Motion for Leave to File Second Amended Third Party Complaint" and "Motion for Order for Mediation." Huckestein later filed a "Further Response to Second Motion to Dismiss Adversary Proceeding" arguing that subject matter jurisdiction is determined based on the facts as they existed when the complaint was filed, or at the very latest, when the answer is due. In other words, Huckestein argues that his claims against Blixseth might have arguably impacted the Debtor's bankruptcy estate prior to February 11, 2010, when Huckestein reached the mediation settlement with the Trustee.

Huckestein's claims against Blixseth are contractual in nature. Said claims do not depend on bankruptcy laws for their existence, do not invoke a substantive right created by the federal bankruptcy law, and can exist outside of bankruptcy. However, and more importantly,

5

Huckestein's claims against Blixseth will not have any impact of the administration of Debtor's bankruptcy case. Given the record, the Court finds that it does not have subject jurisdiction over Huckestein's claims against Blixseth. Therefore, the Court must grant Blixseth's motion to dismiss. Dismissal of Huckestein's claims against Blixseth renders Huckestein's Motion for Leave to File Second Amended Third Party Complaint moot. Thus, in accordance with the Court's June 7, 2010, oral ruling, the Court will enter a separate order providing as follows:

IT IS ORDERED that Third-Party Defendants Timothy L. Blixseth and Blixseth Group of Washington, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction filed April 27, 2010, at docket entry no. 104, is GRANTED; and Huckestein's First Amended Third Party Complaint filed April 21, 2010, is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Dieter Huckestein's Motion for Leave to File Second Amended Third Party Complaint filed May 3, 2010, at docket entry no. 105, is DENIED as moot.

BY THE COURT

*Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana