UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**YELLOWSTONE CLUB WORLD, LLC**,<br><br>  Debtor. | Case No. **09-60061-7** |
| **ROSS P. RICHARDSON**,<br><br>  Plaintiff.<br><br>-vs-<br><br>**TIMOTHY L. BLIXSETH**, **YELLOWSTONE HOLDINGS MEXICO S de RL de CV**, **YELLOWSTONE CLUB CABO SAN LUCAS S de RL de CV**, **YELLOWSTONE CLUB WORLD TAMARINDO S de RL de CV**, **CODY LAND LLC**, **EMERALD CAY LTD**, **DOES 1-10**, **DOES 3-10**, and **CODY RANCH LLC**,<br><br>  Defendants. | Adv No. **09-00086** |

## MEMORANDUM of DECISION

At Butte in said District this 8th day of July, 2010.

In this Adversary Proceeding, after due notice, a hearing was held July 6, 2010, in Butte on Dieter Huckestein's ("Huckestein") Motion to Alter or Amend Judgment Following Blixseth's Second Motion to Dismiss Adversary Proceedings filed June 18, 2010, at docket entry no. 117, together with Timothy L. Blixseth's ("Blixseth") objection thereto. Huckestein was

1

represented at the hearing by attorneys David A. Shaneyfelt and Joseph G. Balice of Ventura, California and Kenneth R. Dyrud of Missoula, Montana. Blixseth was represented by Daniel D. Manson of Butte, Montana. The Court heard argument from counsel, but no witness testimony or exhibits were offered.

This Court previously ruled in a Memorandum of Decision and separate Order entered June 9, 2010, that it did not have subject matter jurisdiction over Huckestein's claims against Blixseth. Huckestein requests that the Court review, reconsider, and amend its June 9, 2010, ruling under Federal Rule of Civil Procedure 59(e) and Federal Rule of Bankruptcy Procedure 9023, arguing that the Court may not have had the benefit of reviewing Huckestein's opposition to Blixseth's second motion to dismiss. More to the point, Huckestein argues that the Court erroneously applied the law when it determined that it lacked subject matter jurisdiction.

Blixseth counters in his Opposition at docket entry no. 120 that the Court made no clear error warranting amendment or alteration of the Court's prior ruling. The Court sees no reason to restate the facts set forth in the Memorandum of Decision entered June 9, 2010, but instead incorporates such facts by reference.

APPLICABLE LAW to HUCKESTEIN'S PENDING MOTION

Rule 59, Fed.R.Civ.P., incorporated into the Federal Rules of Bankruptcy Procedure by Rule 9023, provides in pertinent part: "A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgement if one has been entered, take additional testimony, amend findings of fact and

conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Under Rule 59(e), "[a]ny motion to alter or amend a judgment must be filed not later than 10 days after entry of the judgment." Rule 59(e) includes motions for reconsideration. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 2nd § 2810.1.

In *Brandt v. Esplanade of Central Montana, Inc., et al.* (*"Brandt"*), 19 Mont. B.R. 401, 403 (D. Mont. 2002), the District Court, in affirming this Court's decision, discussed amendment of an order under Rule 59(e): "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Mutnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)." *See also In re Teigen*, 11 Mont. B.R. 91, 92 (Bankr. D.Mont. 1992). A motion for reconsideration should not be granted if the above test is not met, absent highly unusual circumstances. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Finally, a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

DISCUSSION

Huckestein is not seeking to present any newly discovered evidence. Similarly, Huckstein does not argue any intervening change in controlling law. Huckestein's argument is that this Court's oral ruling made June 7, 2010, as memorialized in the Memorandum of Decision and Order entered June 9, 2010, is manifestly unjust because the Court clearly misapplied the

law. The Court disagrees.

Huckestein is correct that the Court did not consider or review Huckestein's Opposition to Blixseth's Second Motion to Dismiss Adversary Proceeding. That is because Huckestein's Opposition was incorrectly docketed as a notice of hearing. The Court does not routinely review notices of hearing. If Huckestein wanted the Court to review the pleading attached to the docket entry, it was incumbent upon Huckestein to alert the Court that the attached pleading was something other than a notice. Huckestein should have docketed the opposition in such a fashion to alert the Court and other parties in interest that substantive opposition was attached.

For instance, when Blixseth filed his first motion to dismiss on March 26, 2010, Huckstein filed his opposition with the following docket entry: "Reply/Response to Blixseth's Motion to Dismiss Adversary Complaint . . . " By contrast, Huckestein's opposition to Blixseth's second motion to dismiss was docketed: "Notice of Hearing on Dieter Huckestein's Opposition to Timothy Blixseth's Second Motion to Dismiss Adversary Proceedings Filed by DIETER HUCKESTEIN (related documents(s) 104 Motion to Dismiss Adversary Proceeding filed by 3rd Pty Defendant TIMOTHY L. BLIXSETH, Defendant TIMOTHY L. BLIXSETH, 3rd Pty Defendant Blixseth Group of Washington LLC). Hearing scheduled for 6/7/2010 at 09:00 AM at BUTTE HEARINGS 400 N MAIN ST; 2ND FL CRTRM, BUTTE, MT. (BENDER, DAVID) (Entered: 05/11/2010)". Huckestein offers not a single reason for his failure to utilize the proper docket entry codes established by this Court.

A discussion of Huckestein's failure to properly docket his opposition is, however, academic because the majority of the parties' discussion at the June 7, 2010, hearing was devoted to the proper time when subject matter jurisdiction is determined. The parties agreed that the

4

standard discussed in *Pacor, Inc., v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) applies in this case. The parties also agree that at this particular date in time, the Court has neither core nor related to jurisdiction over Huckestein's claims against Blixseth.

Rather, Huckestein cites to *Diversified Mortgage co., Inc. v. Gold* (*In re Gold*) 247 B.R. 574 (Bankr. D. Mass. 2000), arguing that subject matter jurisdiction is determined at the time a complaint is filed or at the latest, when an answer is due. Based on the foregoing, Huckestein asserts that Blixseth should not be able to defeat jurisdiction by filing a frivolous motion to dismiss.[1] In the alternative, Huckestein argues that he is being punished for reaching an agreement with the Trustee and for granting Blixseth additional time to respond to Huckestein's third-party complaint filed January 11, 2010.

This Court agrees with Huckstein that a fixed time for determining jurisdiction exists and that time is generally when a complaint is filed. However, as Huckestein points out, at least one court has extended the date for determining jurisdiction to when an answer is due. Under F.R.B.P. 7012, an answer is due "within 30 days after the issuance of the summons[.]" Huckestein presented a Third-Party Summons to the Court on January 11, 2010, and the Court issued a signed and stamped summons on January 12, 2010.[2] Under Rule 7012 and in fact, consistent with a stipulation between Blixseth and Huckestein filed February 24, 2010, Blixseth's answer to Huckestein's third-party complaint was not due until February 12, 2010.

On February 11, 2010, prior to the date that Blixseth's answer to Huckestein's third-party

---

[1] Huckestein's reference to Blixseth's frivolous motion to dismiss pertains to Blixseth's first motion to dismiss filed March 26, 2010.

[2] Huckestein has not filed proof of service in accordance with F.R.B.P. 7004(l).

complaint was due, Huckestein and the Chapter 7 Trustee in Debtor's bankruptcy case settled their claims in mediation, with each party essentially agreeing to walk away from any potential claims that each had against the other.

On January 11, 2010, when Huckestein filed his third-party complaint against Blixseth, the most the Court could have had is related to jurisdiction, but related to jurisdiction was questionable even at that time. However, any connection that Huckestein's claims against Blixseth might have had to Debtor's bankruptcy estate were eviscerated on February 11, 2010, when Huckestein released any claims that he might have had against the Debtor's estate.

While this Court is perhaps not inclined to adopt the more liberal standard articulated in *Gold* in all cases, the Court deems such expanded time frame appropriate under the unique facts of this case. Counsel for Huckestein urged the Court at the July 6, 2010, hearing to rethink its prior ruling because of this Court's extensive knowledge of the various parties associated with this case. Counsel noted the steep learning curve and the desire to avoid having to bring another court up to speed. That argument fell flat when Blixseth's counsel pointed out that Huckestein's third-party complaint contains a demand for "trial by jury on all issues so triable" and when Blixseth's counsel stated that Blixseth would not consent to this Court presiding over any trial in this matter.

In the end, Huckestein's claims against Blixseth simply do not belong in this Court. The unique facts in this case justify application of *Gold's* broader interpretation of when jurisdiction is determined. Huckestein argues that he is being punished for reaching an agreement with the Trustee, but that is not the case.

The Trustee has previously commented that Debtor's bankruptcy case is in its final stages

6

in that virtually all matters are resolved. Given the state of Debtor's case and given that Huckestein alleges no prejudice to pursuing his employment related claims in another appropriate forum, the Court sees no manifest injustice in denying Huckestein's instant request for reconsideration.

The Court doubts that it ever had subject matter jurisdiction over Huckestein's claims against Blixseth but any jurisdiction that this Court might have had completely vanished on February 11, 2010. Absent extreme prejudice, such as loss of Huckestein's claim due to a statute of limitations, which Huckestein does not allege, the Court sees no reason to reconsider its prior ruling. For the reasons discussed above, the Court will enter a separate order providing as follows:

IT IS ORDERED that Huckestein's "Motion to Alter or Amend Judgment Following Blixseth's Second Motion to Dismiss Adversary Proceedings" filed on June 18, 2010, at docket entry no. 117, is DENIED.

        BY THE COURT

        /s/ Ralph B. Kirscher
        HON. RALPH B. KIRSCHER
        U.S. Bankruptcy Judge
        United States Bankruptcy Court
        District of Montana